IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

SARAH M.,

Plaintiff,

v.                                                         Civil Action No.
                                                              3:20-CV-0271 (DEP)

KILOLO KIJAKAZI, Acting Commissioner
   of Social Security,[1]

Defendant.

_____

APPEARANCES:                                  OF COUNSEL:

FOR PLAINTIFF

LACHMAN GORTON LAW FIRM          PETER A. GORTON, ESQ.
P.O. Box 89
1500 East Main Street
Endicott, New York 13761-0089

FOR DEFENDANT

SOCIAL SECURITY ADMIN.               DANIEL S. TARABELLI, ESQ.
625 JFK Building
15 New Sudbury St
Boston, MA 02203

_____

[1]      Plaintiff's complaint named Andrew Saul, in his official capacity as the
Commissioner of Social Security, as the defendant. On July 12, 2021, Kilolo Kijakazi
took office as the Acting Social Security Commissioner. He has therefore been
substituted as the named defendant in this matter pursuant to Rule 25(d)(1) of the
Federal Rules of Civil Procedure, and no further action is required in order to effectuate
this change. *See* 42 U.S.C. § 405(g).

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

<u>ORDER</u>

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security ("Commissioner"), pursuant to 42 U.S.C. §§ 405(g) and 1383(c), are cross-motions for judgment on the pleadings.[2] Oral argument was conducted in connection with those motions on September 28, 2021, during a telephone conference held on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by

_____

[2]     This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

reference, it is hereby

ORDERED, as follows:

1)    Plaintiff's motion for judgment on the pleadings is GRANTED.

2)    The Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is VACATED.

3)    The matter is hereby REMANDED to the Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4)    The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

David E. Peebles
U.S. Magistrate Judge

Dated:    September 29, 2021
          Syracuse, NY

3

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------x
SARAH M.,


                        Plaintiff,

vs.                           3:20-CV-271

KILOLO KIJAKAZI, ACTING COMMISSIONER
OF SOCIAL SECURITY,

                        Defendant.
-------------------------------------------x
```

        Transcript of a **Decision** held during a

Telephone Conference on September 28, 2021,

the HONORABLE DAVID E. PEEBLES, United States

Magistrate Judge, Presiding.

                A P P E A R A N C E S

                    (By Telephone)

```
For Plaintiff:      LACHMAN GORTON LAW FIRM
                    Attorneys at Law
                    P.O. Box 89
                    1500 East Main Street
                    Endicott, New York  13761-0089
                      BY:  PETER A. GORTON, ESQ.


For Defendant:      SOCIAL SECURITY ADMINISTRATION
                    625 JFK Building
                    15 New Sudbury Street
                    Boston, Massachusetts  02203
                      BY:  DANIEL S. TARABELLI, ESQ.
```

                *Jodi L. Hibbard, RPR, CSR, CRR*
            *Official United States Court Reporter*
                    *100 South Clinton Street*
                *Syracuse, New York  13261-7367*
                        *(315) 234-8547*

1            (The Court and all counsel present by

2          telephone.)

3          THE COURT:  Thank you both for excellent

4    presentations.  I enjoyed this case, it presents some

5    interesting legal and factual issues.

6          Plaintiff has commenced this suit pursuant to 42

7    United States Code Sections 405(g) and 1383(c)(3) to

8    challenge an adverse determination by the Commissioner of

9    Social Security.

10          The background is as follows:  Plaintiff was born

11   in April of 1981 and is currently 40 years of age.  She was

12   30 at the alleged onset of her disability on May 1, 2011.

13   Plaintiff stands 5 foot, 7 inches in height and has weighed

14   at various times between 150 and 170 pounds.  Plaintiff lives

15   in an apartment in the Binghamton, New York area, most

16   recently it looks like Chenango Forks.  Plaintiff has twin

17   sons that are nine years of age by my calculations and shares

18   custody of those twin sons with the father.  Plaintiff has a

19   high school diploma and a college Bachelor of Science degree

20   in psychology with a minor in sociology.  While in school she

21   attended regular classes.  Plaintiff is right-handed and

22   drives.

23          Plaintiff stopped working on May 1, 2011.  Her past

24   work endeavors have included as a bartender, laborer/cleaner,

25   restaurant manager, Medicare coordinator, mental health aide

1   and case manager for New York State.  Since 2011, she has

2   engaged in some limited work including as a cashier and

3   delivery person for a pizza restaurant in 2013, and as a

4   part-time waitress in November 2019.

5          Plaintiff does not suffer from any severe physical

6   impairments.  Mentally she does suffer from bipolar II

7   disorder, substance abuse disorder including heroin, alcohol,

8   and cocaine and marijuana use and abuse, depression and

9   anxiety.  Plaintiff claims to have been sober since

10  October 29, 2017.  Plaintiff was hospitalized from

11  September 23 to September 27 in 2008.  The records appear at

12  361 to 370 of the administrative transcript.  She was

13  hospitalized for depression, suicidal thinking, and alcohol

14  abuse.  She also spent from December 2017 to March 2018 in

15  St. Joseph's Addiction Recovery Center as a result of a drug

16  court sentence.  Plaintiff was admitted to CPEP voluntarily

17  from June 2 to 6, 2016, that appears at 728 to 736 of the

18  administrative transcript.  That was for depression, suicidal

19  thoughts, and drug relapse.  Plaintiff undergoes therapy

20  every two weeks.  She receives treatment from Dr. Mahfuzur

21  Rahman, a psychiatrist, and more recently, since April of

22  2016, Dr. Robert Webster who she sees one time per month.  He

23  practices with Family & Children's Services.  Her primary

24  care provider is through United Health Services.

25          Plaintiff's activities of daily living include, she

can bathe, groom herself, dress, cook, clean, do laundry, drive, shop, she visits with friends and family, cares for children, her two sons, she works in her garden, she does greenhouse work, arts and crafts.  She has been a part-time waitress as I previously indicated, she has been a volunteer including at Urban Farms, Catholic Charities, and VINES.  She also has undertaken a computer class.

Medications prescribed to the plaintiff include Abilify, Vistaril as needed, Zoloft, Wellbutrin, trazodone, and naltrexone.  She reports no side effects from her medications.  Plaintiff smokes one pack per day according to 445 of the administrative transcript.

Procedurally, plaintiff applied for Title II and Title XVI benefits on January 13, 2014, alleging an onset date of May 1, 2011.  In her function report, page 274, she claims disability based on depression, high anxiety, bipolar disorder, borderline personality disorder, and being overwhelmed.

A hearing was conducted on August 2, 2016 by Administrative Law Judge Barry Ryan to address plaintiff's application for benefits.  A supplemental hearing was conducted on November 10, 2016.  Following that hearing, ALJ Barry Ryan retired and the matter was transferred to Administrative Law Judge Kenneth Theurer who conducted another hearing on May 25, 2017.  ALJ Theurer issued an

1   unfavorable decision on June 29, 2017.  The matter was

2   remanded, however, after an action was commenced in this

3   court based on the stipulation of the parties by order signed

4   by Magistrate Judge Hummel on January 29, 2019.  On May 15,

5   2017, the Social Security Administration Appeals Council

6   issued a remand order for, among other things, evaluation of

7   a medical source statement from Dr. Robert Webster from

8   May 23, 2017.  A hearing was conducted on November 25, 2019,

9   at which time the record was held open at plaintiff's

10  request, although no records were ultimately received.  On

11  December 23, 2019, Administrative Law Judge Theurer issued

12  another unfavorable decision.  This action was timely

13  commenced on May 11, 2020.

14          In his decision, the ALJ applied the familiar

15  five-step sequential test for determining disability.  He

16  first noted that plaintiff was insured through March 31,

17  2016.  He found that plaintiff had not engaged in substantial

18  gainful activity since May 1, 2011, noting that she did

19  perform some work after that time.

20          In step two, ALJ Theurer concluded that plaintiff

21  suffers from severe impairments that impose more than minimal

22  limitations on her ability to perform basic work activities,

23  including stable bipolar II disorder, cocaine use disorder,

24  and opioid use disorder.

25          At step three, he concluded, however, that

1    plaintiff's conditions do not meet or medically equal any of

2    the listed presumptively disabling conditions set forth in

3    the regulations, specifically considering Listing 12.04.

4         The ALJ next concluded that plaintiff retains the

5    residual functional capacity or RFC to perform a full range

6    of work at all exertional levels with several nonexertional

7    limitations, primarily addressing her mental conditions.

8    Applying that RFC, the administrative law judge concluded

9    that plaintiff is not capable of performing her past relevant

10   work.

11        At step five, the ALJ concluded based on the

12   testimony of a vocational expert that plaintiff is capable of

13   performing other available work in the national economy,

14   citing as representative positions those of a router, a

15   collator operator, and a kitchen helper/dishwasher, and

16   therefore concluded that plaintiff was not disabled at the

17   relevant times.

18        The court's function in this case, of course, is to

19   determine whether correct legal principles were applied and

20   the resulting determination is supported by substantial

21   evidence which is defined as such relevant evidence as a

22   reasonable mind would find sufficient to support a

23   conclusion.  The standard is extremely rigid and deferential.

24   The Second Circuit noted in *Brault v. Social Security*

25   *Administration Commissioner*, 683 F.3d 443 from 2012 that the

1    standard is rigid and more deferential than even the clearly

2    erroneous standard.  In that case the court also noted that

3    under the substantial evidence standard, once an ALJ finds a

4    fact, it can be rejected only if a reasonable fact finder

5    would have to conclude otherwise.

6           Plaintiff raises several contentions in this case.

7    First, she challenges the weight given to Dr. Webster's

8    opinion as a treating source and argues also that the

9    administrative law judge did not rely on other medical

10   opinions to reject the reasoning and did not meet the

11   overwhelmingly compelling standard.

12          Second, she argues that it is improper to accord

13   great weight to the opinion of a nonexamining physician,

14   Dr. Lieber-Diaz.

15          Third, she argues it is improper to accord great

16   weight to the examining, one-time examining consultant

17   Dr. Hartman.

18          Fourth, she argues that the residual functional

19   capacity fails to account for her limitations in

20   concentration, persistence, and pace.

21          Five, she argues that the administrative law judge

22   should have considered whether there was a closed period of

23   disability.

24          And six, that because of these errors, the argument

25   is that the step five determination, at which the

1    Commissioner obviously bears the burden of proof, was

2    infected.

3              I note that first, addressing the weighing of

4    medical opinions, the overarching consideration of course is

5    that even that, the Second Circuit recognizes that it is for

6    an administrative law judge in the first instance to weigh

7    conflicting medical opinions, *Veino v. Barnhart*, 312 F.3d

8    578.

9              The first opinions that are at issue originated

10   from Dr. Robert Webster, a treating source.  On May 23, 2017,

11   Dr. Webster opined that plaintiff is markedly limited in the

12   ability to complete a normal workday and workweek without

13   interruptions from psychological-based symptoms and to

14   perform at a consistent pace without an unreasonable number

15   and length of rest periods.  He also opined that plaintiff

16   would likely be off task more than 33 percent of the day and

17   absent three or more days per month.  The form is a check-box

18   form, there's minimal explanation other than to cite the

19   diagnosis and the medications that the plaintiff is on and

20   noting some potential side effects.  That appears at 960 to

21   961 of the administrative transcript.

22             The second is from Dr. Webster, June 20, 2019.  It

23   appears at 974 of the administrative transcript, and it

24   indicates plaintiff is limited in the ability to work to 15

25   to 20 hours per week and that she is moderately limited in

1    several areas, including understand and remember

2    instructions, maintain attention and concentration, make

3    appropriate decisions when faced with unfamiliar or unplanned

4    circumstances, maintain socially appropriate behavior, and

5    interacting appropriately with others in a work setting.

6          The opinions are discussed by Administrative Law

7    Judge Theurer at 748, and given "less weight."  Obviously,

8    Dr. Webster is the treating source, the application having

9    been filed -- applications for benefits having been filed

10   prior to March 2017, the former regulations control.  Under

11   those regulations, the opinion of a treating source regarding

12   the nature and severity of an impairment is entitled to

13   considerable deference if supported by medically acceptable

14   clinical and laboratory diagnostic techniques and not

15   inconsistent with other substantial evidence.  Such opinions

16   are not controlling, however, if they are contrary to other

17   substantial evidence in the record, including the opinions of

18   other medical evidence.  Where conflicts arise in the form of

19   contradictory medical evidence, as I previously indicated

20   under *Veino*, the resolution is properly entrusted to the

21   Commissioner.

22         I note that the Commissioner argues and is correct

23   that the limitation of 15 to 20 hours per week is an opinion

24   on a matter entrusted and reserved to the Commissioner.

25   *Michael C. v. Commissioner of Social Security*, 2018 WL

1    4689092 from the Northern District of New York, 2018.

2            So under the regulations, to reject Dr. Webster's

3    opinion, the Commissioner must -- the administrative law

4    judge must rely on sufficiently substantial medical opinions

5    or articulate overwhelmingly compelling lay explanation.

6    *Riccobono v. Saul*, 796 F.App'x 49 from March 4, 2020.

7            I acknowledge the Commissioner's argument

8    concerning the overwhelmingly compelling language standard

9    and the request for a stay of this action.  As you will see

10   from the rest of my decision, I am not relying on the

11   overwhelmingly compelling language in remanding this matter.

12   I am relying on the fact that the administrative law judge

13   did not rely on sufficiently substantial medical opinions

14   contrary to those of Dr. Webster, so I will deny

15   Commissioner's request for a stay.

16           I acknowledge that Dr. Webster's opinions are

17   devoid of much explanation and, as such, are marginally

18   useful, but they are supported by at least some of the

19   treatment records.  The fact that they are not supported by

20   others that are cited by the Commissioner could provide a

21   proper basis to deny controlling weight, as the Commissioner

22   has argued.  *Smith v. Berryhill*, 740 F.App'x 721 from the

23   Second Circuit, 2018, and *Kenneth S. v. Commissioner of*

24   *Social Security*, 2019 WL 1332317 from the Northern District

25   of New York, 2019.  However, as I indicated, and as will be

1    seen, I don't believe that the opinions relied on by the

2    administrative law judge to reject Dr. Webster's opinions,

3    those of the treating source, were sufficiently substantial.

4              The first of those of course, Dr. K. Lieber-Diaz,

5    opinion from July 28, 2014.  In his opinion -- or hers,

6    Dr. Lieber-Diaz indicates that the claimant is able to

7    understand, execute, and remember simple instructions and

8    work-like procedures.  Claimant can maintain attention and

9    concentration for at least two-hour intervals, the claimant

10   is able to sustain a normal workday and workweek and maintain

11   a consistent pace.  The claimant may have some difficulty

12   responding to supervisors and coworkers appropriately and may

13   have difficulty in dealing with the public.  The claimant can

14   adapt to changes in a routine work setting and can use

15   judgment to make simple work-related decisions in low-contact

16   personal setting.  In the worksheet portion of the opinion,

17   the doctor indicates that plaintiff is moderately limited in

18   her ability to maintain attention and concentration for

19   extended periods, and in her ability to complete a normal

20   workday and workweek without interruptions from

21   psychologically-based symptoms and to perform at a consistent

22   pace without an unreasonable number and length of rest

23   periods.  Dr. Lieber-Diaz's opinion appears at Exhibit 3A,

24   which was included in the record, and 4A, 66 through 88 of

25   the administrative transcript.

1          The administrative law judge discussed that opinion

2     and gave it great weight at 747 to 748.  But as plaintiff

3     argues, the opinion came prior to the 2016 CPEP admission and

4     plaintiff's addiction inpatient treatment from December 2017

5     to March of 2018.  I believe it was error to elevate this

6     nonexamining physician's opinion from 2014 over the opinion

7     of Dr. Webster from 2017 and 2019.  *Quinn v. Colvin*, 2016 WL

8     7013471.  I will acknowledge that *Quinn* was a case out of the

9     Middle District of Pennsylvania and it relied on Third

10    Circuit precedent, specifically stating the Third Circuit has

11    not upheld any instance in any precedential opinion in which

12    an administrative law judge has assigned less than

13    controlling weight to an opinion rendered by a treating

14    physician and more weight to an opinion from a nontreating

15    nonexamining examiner who did not review a complete case

16    record.  I acknowledge again this is based on Third Circuit

17    precedent, but I also believe the reasoning applies fully

18    well here.

19          I do reject the plaintiff's argument, by the way,

20    that plaintiff has waived any argument that the opinion is

21    not entitled to great weight and I also reject the argument

22    that it is entitled to less weight based on Dr. Lieber-Diaz's

23    status as a psychologist or lack of evidence with the Social

24    Security program.  Lack of evidence of it.

25          The two-hour interval portion of the opinion

1    doesn't appear to be based on anything in the record that has

2    been cited, and in that regard, this case is similar to

3    *Stacey v. Commissioner of Social Security*, 799 F.App'x 7 from

4    the Second Circuit 2020.

5         I believe, simply stated, it was error to elevate

6    Dr. Lieber-Diaz's opinion over those of the treating source,

7    Dr. Webster.  He was missing six full years of records, he

8    gave an insufficient explanation of his mental residual

9    functional capacity finding, and there is an insufficient

10   explanation of the basis to discount it.  When you consider

11   the factors of 20 C.F.R. Section 404.1527(c), I believe in

12   the end it is entitled very little weight.

13        And I do note as a backdrop, in its remand order,

14   the Social Security Administration Appeals Council

15   specifically directed the administrative law judge to provide

16   rationale with specific references to evidence of record in

17   support of assessment of limitations, that's at page 831 of

18   the administrative transcript.  As I indicated previously --

19   this case is I believe distinguishable from *Reed*, by the way,

20   which is *Reed v. Commissioner of Social Security*, 2018 WL

21   1183382 from the Northern District of New York 2018.  In that

22   case, the administrative law judge also relied on the

23   treating source treatment notes and the two nonexamining

24   physicians had reviewed virtually all of the treatment notes

25   except two from 2014.  Here, Dr. Lieber-Diaz missed six years

1    of records and significant intervening events.

2            The other opinion of record that was addressed by

3    the administrative law judge is from Dr. Brett Hartman, a

4    psychologist.  It was dated July 17, 2014, appears at pages

5    440 through 444 of the administrative transcript.  It was

6    rejected.  I reject the argument again by plaintiff that it

7    should be discounted based on lack of any evidence of

8    Dr. Hartman's program expertise or the duration of the exam,

9    which is speculative.

10           In his medical source statement, Dr. Hartman opined

11   that plaintiff is able to follow and understand simple

12   directions, she was able to perform simple tasks.  She has a

13   fair ability to learn new tasks and a fair ability to perform

14   complex tasks independently.  She has mild difficulty

15   maintaining attention and concentration, she has mild

16   difficulty making appropriate decisions.  She has mild to

17   moderate difficulty maintaining a regular schedule.  She has

18   mild to moderate difficulty relating adequately with others.

19   She has moderate problems dealing appropriately with normal

20   stressors of life.

21           The opinion was discussed at page 747 of the

22   administrative transcript by ALJ Theurer.  Once again, this

23   opinion is from 2014.  It predates much history of which

24   Dr. Hartman could not possibly have been aware.  I find it is

25   not sufficiently substantial to overcome a treating source's

1    opinion.

2           So in -- I will note one thing addressing

3    plaintiff's argument that a closed period should have been

4    considered.  That argument I believe has been waived.  *Riker*

5    *v. Commissioner of Social Security*, 2018 WL 2464446 from the

6    Northern District of New York, June 1, 2018, and *Colling v.*

7    *Barnhart*, 254 F.App'x 87 from the Second Circuit, 2007.

8           I believe the Commissioner erred in the weighing of

9    medical opinions in this case and I believe the RFC is

10   therefore not supported and the step five determination is

11   consequently infected.  I think this matter should be

12   returned with some sort of consideration to recontacting

13   Dr. Webster and/or a new consultative examination which can

14   be conducted now that the plaintiff has been through

15   rehabilitation and supposedly sober.  And if there's a

16   finding of disability and a finding that there may have been

17   contributory factors, including alcohol or substance abuse

18   issues, then of course the Commissioner should also look at

19   whether the contract with America Advancement Act analysis

20   should be performed.

21          So I will grant judgment on the pleadings to the

22   plaintiff and remand the matter.  Further, I don't find

23   persuasive evidence of disability and therefore I will not

24   make a directed finding of disability but instead remand for

25   further proceedings consistent with this decision.

1              Thank you both for excellent presentations.  Hope

2    you enjoy the rest of your day.

3              MR. GORTON:  Thank you, your Honor.

4              MR. TARABELLI:  Thank you, your Honor.

5                   (Proceedings Adjourned, 2:38 p.m.)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                  CERTIFICATE OF OFFICIAL REPORTER

 2

 3

 4          I, JODI L. HIBBARD, RPR, CRR, CSR, Federal

 5     Official Realtime Court Reporter, in and for the

 6     United States District Court for the Northern

 7     District of New York, DO HEREBY CERTIFY that

 8     pursuant to Section 753, Title 28, United States

 9     Code, that the foregoing is a true and correct

10     transcript of the stenographically reported

11     proceedings held in the above-entitled matter and

12     that the transcript page format is in conformance

13     with the regulations of the Judicial Conference of

14     the United States.

15

16                        Dated this 29th day of September, 2021.

17

18

19                        /S/ JODI L. HIBBARD
                          _____
20                        JODI L. HIBBARD, RPR, CRR, CSR
                          Official U.S. Court Reporter
21

22

23

24

25
```